ROBERT HALL ALIAS JOHN HALL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed May 15, 1922.

1. Under the statutory provisions, Sections 3 and 6, Chapter 7736, Acts of 1918, it is essential to allege in terms or in legal effect that liquors, liquids or beverages the possession of which by a defendant is charged to be contrary to the statute, were alcoholic or intoxicating liquors or beverages, though "the particular name, kind, character or contents" of the liquors or beverages need not be alleged.

2. The provision of the statute that the possession by any person in this State "of any quantity of what is commonly called rum or moonshine liquor, shall in any of the courts of this State be deemed *prima facie* of the violation" of the statute, prescribes a permissible rule of *evidence*, but not a rule of pleading.

A Writ of Error to the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Reversed.

*W. D. Bell,* for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *Marvin C. McIntosh*, Assistant, for the State.

WHITFIELD, J.—The indictment herein charged that "Robert Hall, alias John Hall, on the 11th day of December, A. D. 1920, at and in the County of DeSoto aforesaid, did have in his possession fifteen gallons of moonshine liquor commonly called rum, he the said Robert Hall, alias John Hall, having been heretofore on the 11th day of November, A. D. 1920, been convicted in the County Court of Desoto County, Florida, of the offense of having in his possession moonshine liquor, and then and there sentenced to pay a fine of $100.00 and costs or serve a period of six months in the county jail of DeSoto County, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."

Upon a trial on a plea of not guilty the defendant was found guilty. A motion in arrest of judgment on the ground that the indictment "does not charge a crime punishable by the laws of the State of Florida", having been overruled, the defendant took writ of error to the judgment of conviction and sentence to the State penitentiary for three years.

Chapter 7736, Acts of 1918, contains the following provisions:

"It shall be unlawful for any person, association of persons, or corporation, or any agent or employee of any person, association of persons, or corporation, to have in his, her, their, or its possession, custody or control, in this State, any alcholic or intoxicating liquors or beverages, except as is hereinafter provided." Sec. 3. The exceptions are not material here.

"That in any prosecution or other proceding under any of the provisions of this Act, It shall not be necessary for the State or any officer, in pleading or by evidence, to negative the existence in point of fact any of the exceptions contained in Section Five hereof, but the existence of any such exceptions in point of fact shall be defensive matter in any such prosecution or other proceeding, And, in any such prosecution or other proceeding, it shall not be necessary for the State or any officer to allege or prove the particular name, kind, character or contents of any alcoholic or other intoxicating liquors or beverages, whether spiritous, vinous or malt, or other liquors or liquids, but it shall be sufficient to allege generally and to prove that the same is alcholic or intoxicating liquors or beverages, or other liquors or liquids, within the prohibitions of this Act." Sec. 6.

"The possession by any person, association of persons, or corporation, in this State, of any quantity of what is commonly called rum or moonshine liquor, shall in any of the courts of this State, in any prosecution or other proceeding for the violation of any of the provisions of Sections One, Three and Four of this Act, be deemed *prima facie* evidence of the violation of any of such provisions of such Sections of this Act." Sec. 13.

Under these statutory provisions it is essential to allege in terms or in legal effect that the liquors, liquids or beverages the possession of which by the defendant is charged to be contrary to the statute, were alcoholic or intoxicating liquors or beverages, though "the particular name, kind, character or contents" of the liquors or beverages need not be alleged.

The provision of the statute that the possession by any person in this State "of any quantity of what is commonly

called rum or moonshine liquor, shall in any of the courts of this State be deemed *prima facie* of the violation'' of the statute, prescribes a permissible rule of *evidence*, but not a rule of pleading.

The indictment may be fatally defective in other respects, but the failure to allege in any way that the rum or moonshine liquor was alcoholic or intoxicating, renders the indictment charging its possession legally insufficient to sustain the judgment of conviction, and it was error to overrule the motion in arrest of judgment.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.